FILED
SUPERIOR COURT
OF GUAM

20?! SEP -9 PM 5: 04

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GERARD A. CRUZ, | **Superior Court Case No. DM0554-14** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE OBJECTIONS TO COMPETENCY** |
| CARMELITA C. CRUZ, | |
| Defendant. | |

This Court sits as the court designated to review and determine the Objection filed by Defendant Carmelita Cruz to the competency of Presiding Judge Alberto C. Lamorena, III, to preside over this matter. 7 GCA § 6107. Having found no grounds to disqualify Presiding Judge Lamorena, the Court DENIES the Objection.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Carmelita lists several grounds supporting the recusal of Presiding Judge Lamorena. She first claims that Presiding Judge Lamorena committed serious errors, which she has already appealed. Obj. ¶ 3 (June 10, 2021); CVA20-018; CVA20-001. Those appeals are now under advisement by the Guam Supreme Court. Second, she objects on the grounds that Presiding Judge Lamorena is friends with Plaintiff Gerard A. Cruz's wife's father, Attorney David Lujan. Obj. ¶ 6. Third, she claims that Presiding Judge Lamorena's decisions in favor of Gerard demonstrate a bias in his favor. Finally, she argues that Presiding Judge Lamorena is biased against Carmelita's counsel's firm because his bailiff testified against her counsel's niece in an unrelated proceeding, *Arriola v. Paulino*, DM0654-19.

ORIGINAL

Presiding Judge Lamorena denies all stated grounds for recusal. Answer (July 13, 2021). First, he denies that the filing of the appeals has created any bias or prejudice on his behalf. He also points to decisions that he rendered in Carmelita's favor. Second, regarding his relationship with Attorney Lujan, Presiding Judge Lamorena states that he recuses himself from cases involving Attorney Lujan's firm, Lujan and Wolff, because it represents persons filing lawsuits *against* the Presiding Judge's uncle in the U.S. District Court of Guam. Answer ¶ 6. Third, the Presiding Judge denied any bias in Gerard's favor, explaining that each decision was rendered after an evidentiary hearing. Answer ¶ 7. Fourth, Presiding Judge Lamorena denied having any knowledge that his bailiff, JolenaMay San Agustin, testified in an unrelated domestic case, as well as her having any input in his decision-making for this case.

The undersigned Judge was assigned to review Carmelita's objection. Not. Assignment of Recusal Judge (Aug. 10, 2021).

## II.    LAW AND DISCUSSION

### A. The Standard for Disqualification: 7 GCA § 6105

A judge is disqualified from presiding over a matter in which his impartiality may reasonably be questioned or where he possesses a personal bias or prejudice. 6 GCA § 6105(a), (b)(1). The appearance of bias is judged from the standard of a "reasonable person" who knows all the facts, and understands the "contexts of the jurisdictions, parties, and controversies involved," including such "realities of the Guam judicial system" as the relatively small number of lawyers in the Guam bar and "the nature of Guam families." *Van Dox v. Superior Ct. of Guam*, 2008 Guam 7 ¶ 32 (citing *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13). Disqualifying bias must come from extrajudicial sources. *Van Dox*, 2008 Guam 7 ¶ 32.

ORIGINAL

## B. Presiding Judge Lamorena's Rulings Do Not Furnish a Basis for Disqualification.

If a party believes a judge is disqualified based on earlier rulings, the party must demonstrate that the judge's behavior "was so extreme as to display clear inability to render a fair judgment." *See People of Guam v. Tennessen*, 2010 Guam 12 ¶ 34 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005)). "On the other hand, 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display' do not establish bias." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1990)).

Carmelita generally alleges that Judge Lamorena has demonstrated a bias through his decisions and in the pattern of rulings in Gerard's favor. On the first point, Carmelita does not point to any particular language in his rulings, which are now on review by the Guam Supreme Court for error. Absent any particular language that might convey some bias, the Court accepts Presiding Judge Lamorena's explanation that each decision was thoroughly reviewed without reference to any external or extrajudicial factors.

On the pattern of rulings, upon review of the record cited by Presiding Judge Lamorena, the Court agrees that Carmelita is incorrect in claiming that Presiding Judge Lamorena has never ruled in her favor.

## C. Presiding Judge Lamorena's Personal Relationship with Attorney Lujan Does Not Merit Disqualification.

On the issue of Presiding Judge Lamorena's relationship with Gerard's wife's father, the Court again looks at the issue from the standard of a reasonable person. As Presiding Judge Lamorena explained, while he once had a closer relationship with Attorney Lujan, that relationship has been strained by Attorney Lujan's pursuit of cases against Presiding Judge Lamorena's close family member. Presiding Judge Lamorena believes that the strain in their

ORIGINAL

relationship resulted in a conflict involving Attorney Lujan's law firm, Lujan & Wolff. As a result, Presiding Judge Lamorena recuses himself from cases involving Lujan & Wolff because he believes a reasonable person might believe he holds a bias against that firm.

Viewed from the perspective of a reasonable person, this Court finds only a distant and tangential connection between the relationship between Presiding Judge Lamorena and Attorney Lujan and the appearance of Attorney Lujan's son-in-law as a party here. Moreover, as Presiding Judge Lamorena points out, the bias that Carmelia asserts is based on a friendship, whereas Presiding Judge Lamorena recuses himself in cases involving Attorney Lujans's law firm due to a strain in their friendship. Given the remote connection between a strained relationship with a family member of a party and this matter before the Presiding Judge, the Court does not find that Carmelita has established that a reasonable person would view disqualification as necessary under section 6105(a) or (b)(1).

### D. Presiding Judge Lamorena's Bailiff is Not Involved in Decision-Making

Finally, Carmelita presents a far-fetched belief that Presiding Judge Lamorena is biased based on his bailiff's involvement in a case involving a client and a family member of Carmelita's counsel. This Court is satisfied in Presiding Judge Lamorena's response that he had no awareness of San Agustin's role in that other case and that Ms. San Agustin has no input in his rulings.

### III. CONCLUSION AND ORDER

Having found that disqualification of Presiding Judge Lamorena is not warranted, the Objection is DENIED. This Court returns this matter to Presiding Judge Lamorena for further disposition.

ORIGINAL

SO ORDERED this 9th day of September 2021.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SE...
I acknowleu.
original hereto v...
court box of:
_____
Date:_____ Time: 9/9/21
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of G..

Appearing Attorneys:
James M. Maher, Esq., Law Office of James M. Maher, for Plaintiff Gerard A. Cruz
Joaquin C. Arriola, Jr., Esq., Arriola Law Firm, for Defendant Carmelita C. Cruz

ORIGINAL